UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **VILLE PLATTE INN INVESTORS, INC.** | * | **CIVIL ACTION NO. 09-1589** |
| **VS.** | * | **MAGISTRATE JUDGE HILL** |
| **POINTER INSURANCE AGENCY, INC.** | * | **BY CONSENT OF THE PARTIES** |

## MEMORANDUM ORDER ON MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the Motion for Summary Judgment filed by defendant, Pointer Insurance Agency, Inc., on June 16, 2010 [rec. doc. 21]. On October 20, 2010, the Court held a hearing on the motion, after which I took it under advisement. For the following reasons, the motion is **DENIED**.

### Background

Plaintiff, Ville Platte Inn Investors, Inc. ("Ville Platte"), owns a Best Western motel in Ville Platte, Louisiana. In 2003, Jon Pointer joined the Pointer Insurance Agency, Inc. ("Pointer") as insurance broker[1] and assumed primary responsibility for placing Ville Platte's insurance coverage. Pointer submitted a

---

[1] At the oral argument held on October 20, 2010, defendant confirmed that Pointer was an insurance broker, rather than an agent. By letter, counsel for plaintiff has indicated to the Court that plaintiff believes that Pointer was its agent. The Court believes it more likely that, under the Louisiana Insurance Code, Pointer is a broker. The distinction, for this motion, is irrelevant.

proposal for the period October 22, 2004 to October 22, 2005 from Mt. Hawley Insurance Company, which provided coverage for property, general liability, and crime. [rec. doc. 21, Exhibit 1]. This policy reflected a wind-hail deductible of 2% subject to a minimum $25,000.00 deductible per location. At Ville Platte's direction, Pointer obtained a renewal of the policy from Mount Hawley. [rec. doc. 21, Exhibit 2].

When the policy came up for renewal, Pointer sent a proposal to Ville Platte for the new period October 22, 2005 to October 22, 2006. [rec. doc. 21, Exhibit 3]. This renewal proposal also contained a deductible of 2% subject to a minimum $25,000.00 deductible per location. Mt. Hawley issued the renewal policy to Ville Platte with the same deductible of $25,000.00. [rec. doc. 21, Exhibit 4, p. 9].

For the 2006-2007 policy year, Pointer provided a proposal to Ville Platte reflecting a wind deductible of 2% with a minimum of $50,000.00. [rec. doc. 21, Exhibit 5, p. 6]. The wind deductible had increased because Mt. Hawley was no longer offering wind coverage and, accordingly, the property coverage was moved to Chubb. [rec. doc. 21, Exhibit 6, p. 17].

The policy at issue in this litigation is the renewal for the 2007-2008 period. Pointer states that on October 10, 2007, it faxed a proposal for the 2007-2008 policy year which reflected a wind deductible of 2% with a $50,000.00 minimum.

[rec. doc. 21, Exhibit 9]. This proposal did not indicate whether it was a Chubb or Mt. Hawley policy. However, the "LIMITED SERVICE HOTEL APPLICATION" signed by Frank V. Burns of Ville Platte and Jon Pointer in October, 2007, indicates that the insurance carrier is "MT HAWLEY INSURANCE." [rec. doc. 32, document 4, Exhibit 28]. The certificates of property and liability insurance sent by Pointer to Citizens Bank and Best Western International, Inc. dated October 19, 2007, also indicate that Mt. Hawley is the company writing the coverage. [rec. doc. 32, document 4, Exhibit 29].

Pointer asserts that the 2007-2008 Chubb policy was delivered to Ville Platte by correspondence from Jon Pointer dated January 30, 2008. [rec. doc. 21, Exhibit 11; rec. doc. 32, document 6]. That letter states that it enclosed a "Commercial Package Policy written with Mt. Hawley Insurance Company." Pointer acknowledges that the letter did not specifically reference the Chubb policy. Deposition testimony from Jon Pointer's assistant, Ashlee McCollum, indicates that she left off the references to Chubb's general liability, property and crime policies "in error." [rec. doc. 21, Exhibit 12, pp. 10, 11 and 23]. Both Frank Burns and Tammy Abbott testified at their depositions that Ville Platte had never received the Chubb policy covering 2007-2008. [rec. doc. 32, document 8, p. 35; document 9, pp. 25, 29].

3

In August and September, 2008, Ville Platte's Best Western motel suffered damages due to hurricanes Gustav and Ike, respectively. Thereafter, Ville Platte made claims under the insurance policy. Chubb's adjustor, Clifford Hyde of York Claim Service, denied the claim on the grounds that the damage caused by wind did not meet the threshold of the $50,000.00 minimum wind/hail deductible. [rec. doc. 21, Exhibit 13].

On August 18, 2009, Ville Platte filed suit in the 13th Judicial District Court, Parish of Evangeline, State of Louisiana, asserting that it understood that the wind, rain, and storm damage coverage had a deductible of $2,500.00, and that it had never received a copy of the policy indicating that a $50,000.00 deductible applied instead. Pointer removed the action to this Court on the basis of diversity jurisdiction on September 10, 2009. On June 16, 2010, Pointer filed the instant motion for summary judgment. [rec. doc. 21].

## Summary Judgment Standard

Fed.R.Civ.Proc. Rule 56(c)(2) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.Proc. Rule 56(e)(2) provides, in pertinent part, as follows:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

## Analysis

Pointer argues that Ville Platte's claim that it was unaware that its property policies carried separate wind/hail deductible of $50,000.00 is "implausible." [rec. doc. 21, p. 8]. *Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291, 294* (5th Cir., 1987) ("in deciding the genuine-issue-of-fact question, a judge may require parties making an 'implausible' claim to 'come forward with more persuasive evidence to support their claim than would otherwise be necessary' to avoid summary judgment"). Here, however, the Court finds that Ville Platte has submitted sufficient evidence to create a genuine issue of material fact as to whether it had received the Chubb policy at issue and, thus, was aware of the deductible change.

Pointer's own employee, Ashlee McCollum, admitted that she had made an error in failing to list the individual policies attached to the correspondence from Jon Pointer dated January 30, 2008. [rec. doc. 21, Exhibit 11; Exhibit 12, pp. 10, 11 and 23; rec. doc. 32, document 6]. In the letter sent the previous year, she had specifically noted that she was inclosing the "Property, Package and Boiler & Macinery Policies

5

for Ville Platte Inn Investors," rather than the blanket enclosure of a "Commercial Package Policy." [rec. doc. 32, document 5]. Additionally, the document signed by Frank V. Burns of Ville Platte and Jon Pointer dated November 18, 2007, as well as the certificates of insurance sent by Pointer to Citizens Bank and Best Western International, Inc. dated October 19, 2007, indicate that Ville Platte's coverage was with Mt. Hawley, not Chubb. [rec. doc. 32, document 4, Exhibits 27, 29; document 6]. Further, both Frank Burns and Tammy Abbott testified at their depositions that Ville Platte had never received the Chubb policy covering 2007-2008. [rec. doc. 32, document 8, p. 35; document 9, pp. 25, 29].

Given this evidence, the Court finds that a genuine issue of material fact exists as to whether Ville Platte received the Chubb policy for the period 2007-2008.

## Conclusion

For the foregoing reasons;

**IT IS ORDERED,** that the Motion for Summary Judgment is hereby **DENIED**.

October 28, 2010, Lafayette, Louisiana.

                                                         C. MICHAEL HILL
                                                         UNITED STATES MAGISTRATE JUDGE